# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CARLOS TOVAR-MENDOZA,

    Petitioner,

v.                                                            No. 18-cv-982 KWR-LF

RICHARD MARTINEZ, *Warden,*

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Carlos Tovar-Mendoza's Amended 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 7) (Petition). Petitioner challenges his state convictions for criminal sexual penetration, kidnapping, and battery. The Court previously directed Petitioner to show cause why his § 2254 Petition should not be dismissed for failure to file within the one-year statute of limitations. Having reviewed his response and applicable law, the Court will dismiss the Petition.

## I. Procedural Background

The procedural history in this case is complex. To better interpret the citations in the Petition, the Court took judicial notice of Petitioner's state criminal cases, D-202-CR-2011-03587, D-202-CR-2003-01063, and D-202-CR-2002-03530, and his prior federal habeas case, No. 05-cv-1303 BB/CG. *See Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed"); *United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

In 2002, the State charged Petitioner with kidnapping, criminal sexual penetration, and

aggravated battery against his ex-wife based on an incident that occurred on October 8, 2002. *See* D-202-CR-2002-3530 in New Mexico's Second Judicial District Court. The State later charged him with an additional count of criminal sexual penetration, which generated a separate criminal case. *See* D-202-CR-2003-1063. Petitioner entered a no-contest plea in both cases. (Doc. 7-1 at 1); *see also* (Doc. 112 in Case No. 05-cv-1303). The State Court sentenced Petitioner to twenty-five years imprisonment, followed by five years of supervised probation. (Doc. 112 in Case No. 05-cv-1303).

In 2010, Petitioner obtained federal habeas relief under § 2254. (Doc. 142 in Case No. 05-cv-1303). The Tenth Circuit Court of Appeals found his plea was invalid based on ineffective assistance of plea counsel. *Id.* Petitioner was permitted "to withdraw his … plea and proceed on the criminal charges against him." *Id.* at 3. The State again charged Petitioner with kidnapping, criminal sexual penetration, and aggravated battery, which generated a new criminal case. *See* D-202-CR-2011-3587. The State Court held a trial in November, 2011, and a jury convicted Petitioner of the above-mentioned charges. *See* Verdicts in D-202-CR-2011-3587. The State Court again sentenced Petitioner to "an actual term of … twenty five years" incarceration, followed by "five to twenty years" of supervised probation. *See* Amended Judgment in D-202-CR-2011-3587. Petitioner filed a direct appeal, the New Mexico Court of Appeals (NMCA) affirmed by a mandate issued May 17, 2013. *See* Mandate/Affirmed in D-202-CR-2011-3587. Petitioner did not seek certiorari review with the New Mexico Supreme Court (NMSC). (Doc. 7 at 3). The criminal judgment therefore became final no later than June 18, 2013, the first business day following the expiration of the 30-day certiorari review period. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the

expiration of the state appeal period); NMRA, Rule 12-502 (a writ of certiorari must be filed within 30 days after final action by the NMCA).

Over the next five years, Petitioner filed various state habeas petitions and certiorari appeals. The following timeline reflects the State Court docket activity between 2013 and 2015.

June 18, 2013:   The criminal judgment becomes final.

**- 314 days pass without tolling activity -**

April 28, 2014: Petitioner files a counseled state habeas petition.

June 1, 2016:   The State Court denies the petition, and Petitioner appeals.

Feb. 10, 2017:   The NMSC denies certiorari review.

**- 241 days pass without tolling activity -**

Oct. 10, 2017: Petitioner files a second, *pro se* state habeas petition based on ineffective assistance of counsel.

Nov. 27, 2017: Petitioner files a supplement to that pleading.

March 2, 2018:   The State Court denies habeas relief on the ineffective-assistance-of-counsel claim, but enters a Second Amended Judgment to reflect a five-year term of probation, rather than a term of five to twenty years.

May 9, 2018:   The NMSC denies certiorari review.

**- 161 days pass without tolling activity -**

Oct. 18, 2018:   Petitioner files the instant § 2254 proceeding (Doc. 1).

*See* Docket Sheet in Case Nos. D-202-CR-2002-3530; D-202-CR-2011-3587.

Petitioner amended his claims using the proper form on November 29, 2018. (Doc. 7). The Court found that limited tolling should apply, such that the amended claims relate back to the original filing date, October 18, 2018. (Doc. 3). The Petition appears to raise claims for ineffective assistance of trial counsel, instructional error, and ineffective assistance of appellate

counsel. By an Order to Show Cause entered March 3, 2020, the Court screened the Petition under Habeas Corpus Rule 4 and determined it was plainly time-barred. (Doc. 16); *see also Day v. McDonough,* 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). The Order set forth the legal standard for statutory/equitable tolling and directed Petitioner to show cause why the case should not be dismissed. Petitioner filed his show-cause response on March 26, 2020 (Doc. 17), and the matter is ready for review.

## II. Discussion

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Because the limitation period is not jurisdictional, it may also be extended through equitable tolling. *See Clay v. United States*, 537 U.S. 522, 524 (2003).

As previously noted, the limitation period began to run on June 18, 2013, when the conviction became final. Three hundred and fourteen (314) days elapsed before Petitioner filed

his state habeas petition on April 28, 2014, which stopped the clock pursuant to § 2244(d)(2). The state habeas proceeding remained pending until February 10, 2017, when the NMSC denied certiorari review. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (for purposes of § 2244(d)(2), a state habeas proceeding remains pending until "the State's highest court has issued its mandate or denied review"). "The next day statutory tolling ceased," and the remaining "time for filing a federal habeas petition [here, 51 days][1] resumed…" *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex tolling calculations). The State Court docket reflects there was no additional tolling activity during the next 51 days,[2] and the one-year limitation period expired on April 3, 2017. Petitioner filed his § 2254 proceeding over 18 months later, on October 18, 2018.

The Court notes that any state post-conviction proceedings filed between April 3, 2017 and October 18, 2018 did not restart the clock or otherwise impact the one-year period. *See Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("[The § 2254] petitions cannot be tolled for time spent in state post-conviction proceedings because the applications for post-conviction relief were not filed until after … end of the limitations period"). Similarly, the entry of a Second Amended Judgment on March

---

[1] The Court arrived at this figure by subtracting the number of days that initially elapsed (314) from the one-year period (*i.e.,* 365 days in a year - 314 days = 51 remaining days).

[2] Petitioner filed two state motions seeking records and transcripts in early 2017. He filed the first motion on March 7, 2017, and it was denied by an order entered April 10, 2017. Petitioner filed the second motion on April 21, 2017, and it was denied by an order entered May 25, 2017. The Tenth Circuit has held that a "motion requesting court documents … [does] not trigger the statutory tolling period under § 2244(d)(2)." *Mason v. Watts*, 590 Fed. App'x 767, 769 (10th Cir. 2014). The motions seeking records therefore had no tolling effect, and even if they could toll the one-year period, such tolling would not render the Petition timely.

5

2, 2018, which shortened the probation period, did not trigger a new limitation period as to Petitioner's substantive habeas claims. *See Prendergast v. Clements,* 699 F.3d 1182, 1184 (10th Cir. 2012) ("[A]ttacks on the original conviction are no[t] somehow resurrected" by a later modification to the sentence); *Burks v. Raemisch*, 680 Fed. App'x 686, 686-87, 689-92 (10th Cir. 2017) (amended judgment does not "restart[]" the one-year period for "matters originally decided and put to rest through direct appeal, state post-conviction remedies and the running of the time allotted for federal habeas review"); *Carillo v. Zupan*, 626 Fed. App'x 780, 781-82 (10th Cir. 2015) (amended judgment that reduced the amount of restitution did not trigger a new one-year period).

The Court explained the above principles and included the full timeline in its Order to Show Cause. (Doc. 16). In his show-cause response, Petitioner does not contest the calculation of the limitations period, nor does he contend the Court failed to credit him for any tolling activity. He concedes the time-bar is "extremely difficult to overcome" in this case. (Doc. 17 at 1). Nevertheless, Petitioner asks the Court to accept the § 2254 Petition as timely because: (1) he did not understand the time-bar, and counsel did not explain it; (2) he is actually innocent; and (3) the prosecutor committed misconduct during the state criminal trial. (Doc. 17 at 2-12). The Court will address each argument below.

1. <u>Equitable Tolling, Competency, and Ineffective Assistance of Counsel</u>

Petitioner primarily argues he is not competent to "understand problems;" English is his second language; and the "complexity of the procedural [habeas] process," including the exhaustion requirement, "created an extraordinary circumstance … beyond [his] control."[3] (Doc.

---

[3] Petitioner also contends his incomplete knowledge of habeas law constitutes "cause" to overcome a procedural default. The procedural default doctrine only applies when a petitioner has not properly exhausted his habeas claims. *See Davis v. Sharp,* 943 F.3d 1290, 1296 (10th Cir. 2019). This ruling

17 at 3, 9). These arguments implicate equitable tolling. Such tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). The inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).

"It is well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000). Accordingly, Petitioner's failure to "understand … tolling and exhaustion issues" cannot "demonstrate extraordinary circumstances entitling him to equitable tolling." *Clay v. Jones*, 491 Fed. App'x 935 (10th Cir. 2012). A language barrier or mental health issue can support equitable tolling under some circumstances. *See Yang,* 525 F.3d 925, 930 (10th Cir. 2008); *Reupert v. Workman,* 45 Fed. App'x 852, 854 (10th Cir. 2002); *Sandoval v. Jones,* 447 Fed. App'x 1 (10th Cir. 2011). However, the untimely filing must be traceable to those issues. *Id.* Petitioner "has not set forth what actions he pursued to secure assistance with his language barrier," nor has he explained how it prevented timely filing. *Yang,* 525 F.3d at 930. Further, Petitioner does not allege he was adjudicated incompetent, nor does he provide any details regarding a mental health impairment. *See, e.g., Reupert,* 45 Fed. App'x at 854 (To obtain tolling based on mental health issues, the petitioner must describe with specificity how the impairment prevented the timely pursuit of his own claims). Petitioner's alleged misunderstanding of the law, language barrier, or

---

pertains to timeliness and does not address exhaustion or procedural default.

competency issues cannot toll the one-year period in this case.

Petitioner also seeks equitable tolling based on ineffective assistance of counsel in connection with his state habeas petitions. *Id.* at 4-9. "Habeas counsel's negligence is not generally a basis for equitable tolling because there is no constitutional right to an attorney in state post-conviction proceedings." *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007). "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures." *Id.* "While sufficiently egregious attorney misconduct may amount to the type of extraordinary circumstances warranting equitable tolling, … 'a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.'" *Faircloth v. Raemisch*, 692 Fed. App'x 513, 523 (10th Cir. 2017) (quoting *Holland v. Florida*, 560 U.S. 631, 651-52 (2010)). *See also Reynolds v. Hines*, 55 Fed. App'x. 512, 513 (10th Cir. 2003) (Equitable tolling is not available based on an "attorney's incorrect advice regarding when the limitations period began to run.").

Here, Petitioner alleges attorney Scott Davidson failed to properly supplement his April 28, 2014 state habeas petition and was generally unresponsive. Petitioner proposed a supplement in January 2016, Davidson declined to file it, and the State Court denied habeas relief six months later. Petitioner also contends that neither Davidson nor former defense attorney Kari Converse[4] properly notified him about the statute of limitations. Davidson or Converse sent Petitioner a

---

[4] Kari Converse served as state trial counsel in 2011, and she became involved in the state habeas proceeding in 2016 or 2017 when Petitioner sent her a letter complaining about Davidson. (Doc. 17 at 8). Although Petitioner accuses Davidson of "answering [Petitioner's] request for information through … Converse," it appears that Converse was responding to Petitioner's letter, rather than transmitting information on behalf of Davidson.

"timeline layout for the next steps to be taken," but it may not have been detailed enough to calculate the one-year period. (Doc. 17 at 8, 26). Assuming these allegations are true, Petitioner has not explained how Davidson's failure to supplement the first state habeas petition impacted his ability to timely file a § 2254 proceeding. Further, as noted above, any faulty or incomplete advice regarding the one-year period does not demonstrate egregious misconduct sufficient to toll the one-year period. *See Faircloth*, 692 Fed. App'x at 523; *Reynolds*, 55 Fed. App'x. at 513.

Petitioner finally argues equitable tolling should apply because he retained a new attorney, Daniel Salazar, to file the § 2254 petition in April of 2018, but Salazar "just took [his] money and failed to do anything at all." (Doc. 17 at 11). While this conduct appears egregious, it had no impact on the limitations period in this case. The one-year period expired on April 3, 2017, about a year before Petitioner retained Salazar. Petitioner is therefore not eligible for equitable tolling.

2. Actual Innocence/Miscarriage of Justice

Petitioner next argues dismissal of this proceeding would result in a "fundamental miscarriage of justice" because he is "actually innocent" of the relevant crimes. (Doc. 17 at 4) (citing *Schlup v. Delo*, 513 U.S. 298, 331 (1995)). A "credible showing of actual innocence" may "overcome" the one-year limitation period on filing a habeas petition. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). This "exception is rare and will only be applied in the extraordinary case." *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) (quotations omitted). To take advantage of the exception, a habeas petitioner must "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316. The petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Id.* at 324. Moreover, the new evidence must "show that it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." *Id.* at 327.

Petitioner relies on the prior federal habeas proceeding to demonstrate that no reasonable juror would convict him. In her 2008 Proposed Findings and Recommended Disposition, Judge Garza evaluated whether Petitioner's original plea was unconstitutional based on ineffective assistance of counsel. She concluded Petitioner "made a showing that, if he had rejected the State's plea offer, ... it is likely that a jury would have acquitted [Petitioner] of the two rape charges." (Doc. 112 in 05-cv-1303, at 17). That statement does not constitute new evidence, "that was not presented at trial," demonstrating no reasonable juror would convict Petitioner. Indeed, after he obtained federal habeas relief from the plea, a whole jury convicted him of criminal sexual penetration. To the extent Petitioner contends there was insufficient evidence to support the conviction, such argument cannot overcome the time-bar. For purposes of § 2254, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623-624 (1998). Petitioner is therefore not entitled to tolling under the "fundamental miscarriage of justice" exception.

3. Prosecutorial Misconduct

Petitioner finally argues that during his 2011 trial, the prosecutor failed to disclose favorable evidence to the jury. (Doc. 17 at 5-6). He contends the prosecutor relied on the "same evidence" Judge Garza opined was insufficient, and that the prosecutor should have notified the jury about her prior habeas opinion. As explained above, the first federal proceeding addressed whether

Petitioner's plea was valid, based on his ability to raise a meritorious defense at trial. The proceeding had no bearing on whether the state jury was required to accept that defense. Moreover, claims of prosecutorial misconduct go the merits of Petitioner's habeas claims. Federal Courts cannot consider the merits of a habeas claim unless the petitioner complies with the stringent procedural requirements of §§ 2244 and 2254, including the one-year limitation period. *See U.S. v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018) ("Before addressing the merits of [petitioner's] claim, he must show that he can satisfy the procedural requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA).... The first of these barriers is timeliness."). Any alleged trial defects therefore cannot save the otherwise untimely § 2254 Petition.

Based on the foregoing, the Court concludes Petitioner's show-cause response (Doc. 17) does not establish grounds for tolling. The one-year limitation period expired on April 3, 2017, and the October 18, 2018 § 2254 proceeding is therefore time-barred. The Court will dismiss the Petition with prejudice. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Carlos Tovar-Mendoza's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 7) is **DISMISSED**; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE