IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS TOVAR-MENDOZA,

    Petitioner,

v.                                                       No. 18-cv-982 KWR-LF

RICHARDO MARTINEZ,
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Carlos Tovar-Mendoza's Consolidated Rule 60(b) Motion and Motion for Leave to File Supplementary Affidavit (Docs. 44, 45) (Motions). Petitioner is a state prisoner. He was *pro se* when this proceeding began but has obtained counsel. In his Amended 28 U.S.C. § 2254 Habeas Petition, Petitioner challenges his state convictions based on ineffective assistance of trial counsel, instructional error, and ineffective assistance of appellate counsel. *See* Doc. 7. By a ruling entered March 3, 2020, the Court reviewed the Amended Petition and determined Petitioner failed to file his federal claims within one year after the state judgment became final. *See* Doc. 16. The one-year limitation period expired on April 3, 2017, and Petitioner filed this § 2254 proceeding over 18 months later, on October 18, 2018. The Court directed Petitioner to show cause why this case should not be dismissed as time-barred.

In response, Petitioner sought equitable tolling based on, inter alia, ineffective assistance by counsel and a language barrier. *See* Doc. 17. He argued attorney Scott Davidson (hereafter, State Habeas Counsel) failed to timely perfect a state habeas petition; was generally unresponsive; failed to file a supplemental state pleading in 2016; and sent an insufficient "timeline layout for the

next steps to be taken." *Id.* at 8, 26.  The Court rejected these arguments because garden variety neglect by habeas counsel does not warrant equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 651-52 (2010); *Reynolds v. Hines,* 55 Fed. App'x. 512, 513 (10th Cir. 2003) (Equitable tolling is not available based on an "attorney's incorrect advice regarding when the limitations period began to run.").  Petitioner also failed to show how State Habeas Counsel's failures in state court impacted his ability to timely file a federal petition.  By an Order entered March 3, 2020, the Court dismissed the Amended Petition as time-barred.  *See* Docs. 18, 19 (Dismissal Ruling).

Petitioner initially filed a series of *pro se* motions to reconsider.  The filings contain over 500 pages of argument and exhibits.  *See* Docs. 20-22; 24-31.  The Court entered an Order striking the voluminous filings and directing Petitioner to file a single, amended motion to reconsider that relates back to the original filing.  *See* Doc. 32.  Thereafter, attorney David Lewarchik entered an appearance for Petitioner and, after several extensions, filed the instant motions to reconsider.  *See* Docs. 44, 45.  Rule 60(b) allows relief from a judgment in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud.  *See* Fed. R. Civ. P. 60(1)-(3).  Rule 60(b)(6) also contains a catchall clause for any other reason that justifies relief.  However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief."  *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).  Courts have considerable discretion in deciding whether to reconsider a ruling.  *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

In the instant Motions, Petitioner expands on the allegations in his original show-cause response and argues State Habeas Counsel caused him to miss the federal filing deadline.  Petitioner represents he "continuously" directed State Habeas Counsel to "proceed to the Federal Courts;"

State Habeas Counsel led Petitioner to believe he would file a federal petition; and State Habeas Counsel failed to file within the one-year limitation period. *See* Doc. 44, 45. This additional context would ordinarily be sufficient for the Amended Petition to survive initial review. The Tenth Circuit has found equitable tolling where an attorney failed to follow through on "repeated, deceitful assurances that a habeas petition would soon be filed." *Trujillo v. Tapia*, 359 Fed. App'x 952, 955 (10th Cir. 2010). However, the circumstances present a closer call under Rule 60(b). Post-judgment motions cannot be used to present new arguments that could have been raised in the earlier filings. *See Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991). On the other hand, Petitioner has a serious language barrier, and the original *pro se* show-cause response does allege State Habeas Counsel was unresponsive and failed to adequately communicate regarding what steps to take after the state proceedings. Having carefully reviewed the record, the Court finds the counseled Motions add relevant factual detail to a claim that was preserved in the original *pro se* response, and such details likely change the result under equitable tolling law. The Court further finds grounds exist for partial relief under Rule 60(b) based on Petitioner's *pro se* status, limited understanding of the English language, and because Respondents will not experience significant prejudice by having to respond to the Amended Petition. *See Jennings v. Rivers,* 394 F.3d 850, 856 (10th Cir. 2005) (addressing Rule 60(b) and noting courts must "strike a delicate balance between … the desire to preserve the finality of judgments and the … command … that justice be done in light of all the facts").

      The Court will grant the Motions, in part. The Court will consider Petitioner's Supplementary Affidavit (Doc. 45) and reopen the case. However, Respondent Attorney General of the State of New Mexico (AG) will still have an opportunity to address Petitioner's equitable

tolling arguments.  The Court will direct Respondents to file an answer within thirty (30) days.  The answer must address the merits of the claims but may also seek dismissal, in the alternative, based on procedural barriers such as timeliness or exhaustion.  Petitioner, through counsel, may file an optional reply within thirty (30) days after the response is filed.

**IT IS ORDERED** that Petitioner Carlos Tovar-Mendoza's Motion for Leave to File Supplementary Affidavit (**Doc. 45**) is **GRANTED**; Petitioner's Consolidated Rule 60(b) Motion (**Doc. 44**) is **GRANTED, in part**; and the Clerk's Office shall reopen the above-captioned case.

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail copies of this Order and the Amended Petition (**Doc. 7**) to the AG at the following address:

> Attn: F.N., Paralegal - Habeas Corpus Administrator
> New Mexico Office of the Attorney General
> Criminal Appeals Division
> 201 Third St. NW, Suite 300, Albuquerque, NM 87102

**IT IS FINALLY ORDERED** that the AG must answer the Amended Petition within **30 days** of entry of this Order.  The answer must address the merits of each claim and may also seek dismissal, in the alternative, based on the statute of limitations or any exhaustion defects.  The AG must attach to its answer copies of all pertinent filings from the state trial court, the state court of appeals, and the state supreme court; including memoranda filed by <u>both</u> parties.  The AG must also attach to the answer copies of all state post-conviction or appellate proceedings and any transcripts that are needed to resolve the claims.



KEA W. RIGGS
UNITED STATES DISTRICT JUDGE