IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS TOVAR-MENDOZA,

      Petitioner,

      v.                                                                      No. 1:18-cv-00982 KWR/LF

RICHARDO MARTINEZ, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

      Respondents.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Petitioner's Amended Petition under 28 U.S.C. § 2254 (Doc. 7); (2) Respondents' Answer to Inmate Petition (Doc. 50); and (3) Judge Fashing's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 53). Judge Fashing recommended denial of the habeas petition. As explained below, having conducted a *de novo* review of the record relevant to the objections, the Court overrules the objection to the PFRD, adopts in part Judge Fashing's PFRD, and denies the habeas petition.

In the PFRD, Judge Fashing recommended that the Court (1) dismiss the habeas petition as untimely, or alternatively (2) deny the habeas petition on the merits. Petitioner's objection only (1) partially addressed equitable tolling but (2) did not address whether he acted diligently, a requirement for equitable tolling. Moreover, the objection did not address PFRD's denial of the petition on the merits.

Generally, a district court conducts a *de novo* review of the record relevant to the objections. § 2254 Habeas Rule 8(b); Fed. R. Civ. P. 72; 28 U.S.C. § 636. Where an objection is not raised, further review is waived. Because Petitioner did not object to (1) Judge Fashing's

proposed finding that he did not establish that he pursued his claim diligently, a requirement for equitable tolling and (2) the PFRD's habeas merits analysis, the Court may deny the petition on these bases alone. Alternatively, to the extent the objection is not waived, conducting a *de novo* review of the record relevant to the objections, the Court concludes that (1) Petitioner has not established equitable tolling and (2) he is not entitled to habeas relief.

## BACKGROUND

Petitioner is a state prisoner. Petitioner was found guilty of (1) kidnapping, (2) criminal sexual penetration (personal injury), (3) aggravated battery against a household member, and (4) criminal sexual penetration (force or coercion). Doc. 50 at 4. On May 4, 2012, Petitioner was sentenced to 33 years' incarceration, with 8 years suspended. *Id.* The sentence was subsequently enhanced by one year under a habitual offender provision. Petitioner appealed his conviction, and on April 1, 2013, the New Mexico Court of Appeals affirmed. Petitioner did not seek certiorari review with the New Mexico Supreme Court. Approximately one year later, on April 28, 2014, Petitioner filed a petition for writ of habeas corpus in state court, alleging that the trial court denied him effective assistance of counsel by (1) denying motions to continue trial and (2) by joining charges together in single trial. Doc. 50-2 at 32. The state trial court denied his habeas petition on June 1, 2016 and concluded that Petitioner had failed to demonstrate ineffective assistance of counsel. Doc. 50-2 at 167-88. On August 6, 2016, Petitioner sought certiorari review, and the New Mexico Supreme Court denied certiorari on February 7, 2017. *Id.* at 189-90, 295.

On November 27, 2017, Petitioner filed a second habeas petition in state court. On March 2, 2018, the state district court ruled on his second habeas petition, granting his petition as to the illegal probation and parole claim, but denying it as to the ineffective assistance claim. Doc. 50 at 8, *citing* Doc. 50, Ex. JJJ at 809. The state district court entered a second amended judgment

2

and sentence reflecting corrected periods of probation and parole. Doc. 50 at 8, *citing* Doc. 50, Exs. III at 805. Petitioner filed a petition for writ of certiorari, which was denied by the New Mexico Supreme Court on May 2, 2018. Doc. 50 at 8, *citing* Doc. 50, Ex. KKK and LLL.

On October 18, 2018, Petitioner filed this § 2254 habeas petition in federal court and an amended petition. Docs. 1, 7. In his amended petition, he asserted (1) the denial of his motions to continue resulted in effective assistance of counsel, as trial counsel was left with insufficient time to prepare for trial (Ground One); (2) trial counsel was ineffective for failing to request a limiting instruction on prior bad acts evidence (Ground Two); and (3) prior counsel was ineffective for failing to raise Grounds one and Two on direct appeal (Ground Three). *See* Doc. 50 at 8-9, *citing* Doc. 7 at 15-18, 20-25.

On March 31, 2020, the Court dismissed the amended petition as time barred. The noted that his federal habeas filing on October 18, 2018, was untimely by approximately 18 months. Doc. 18 at 5. Petitioner subsequently obtained counsel after judgment was entered and filed a Rule 60 motion asserting his federal habeas petition was not time barred due to equitable tolling. As relevant here, he believes he was entitled to equitable tolling due to ineffective assistance of counsel.

The Court granted Petitioner's Rule 60 motion in part and reopened this case. The court reopened the case, concluded the case survived screening, and ordered Respondents to file an answer, addressing both (1) timeliness or other procedural bars and the (2) merits of habeas petition. Doc. 46 at 3-4. Respondents filed an answer addressing both (1) timeliness and (2) the merits of the habeas petition. Doc. 50.

On August 30, 2023, Judge Fashing issued proposed findings of fact and recommended disposition. Doc. 53. Judge Fashing found that the petition was untimely and Petitioner had not

established equitable tolling. Moreover, Judge Fashing alternatively recommended denying the habeas petition on the merits.

Petitioner filed his objection to the PFRD on September 13, 2023. Doc. 55.

## LEGAL STANDARD

When a party objects to a magistrate judge's PFRD, the district judge "shall make a de novo determination of those portions ... to which objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Section 2254 Habeas Rule 8. *De novo* review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 584 (10th Cir. 1995). A "party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996). General or conclusory objections do not preserve review. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996). "[T]he filing of objections ... enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," and only objections that clearly "focus the district court's attention" on the central disputes will be considered. *Id.* at 1059-1060. Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are also deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## DISCUSSION

I.  **The Court adopts the PFRD's recommendation to deny the habeas petition as untimely.**

The habeas petition is subject to dismissal because it is untimely filed and Petitioner has not shown that equitable tolling applies.

### A. Timeline

It is undisputed that absent equitable tolling the § 2254 petition was untimely. Respondents set forth a timeline in their Answer. *See* Doc. 50 at 18. Judge Fashing set out that timeline in her PFRD. *See* Doc. 53 at 13 n.6. Petitioner did not object to the timelines asserted in the PFRD or the Respondents' answer. Rather, he appears to assert that all time should be equitably tolled based on his prior counsel's failure to file a federal habeas petition on his behalf. For the reasons stated below, Petitioner has not established equitable tolling and the Court concludes his petition is untimely.

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A) (the "AEDPA clock"). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Therefore, without any objection, the Court assumes that the following timeline is correct:

May 1, 2013: The criminal judgment becomes final after the New Mexico Court of Appeals issues its decision and review was not sought with the New Mexico Supreme Court. The AEDPA clock to file a habeas petition begins running.

**–361 days pass without statutory tolling activity –**

April 28, 2014: Petitioner files a counseled state habeas petition. The AEDPA clock is stopped.

June 1, 2016: The State Court denies the petition, and Petitioner appeals.

Feb. 7, 2017: The NMSC denies certiorari review. Petitioner had 15 days, or until February 22, 2017, to seek rehearing. He did not do so.

February 23, 2017. The AEDPA clock begins to run again. Four days are left on the clock.

**–241 days pass without statutory tolling activity. Petitioner had until February 27, 2017 to file a timely federal habeas petition –**

Oct. 10, 2017: Petitioner files a second, *pro se* state habeas petition based on ineffective assistance of counsel.

Nov. 27, 2017: Petitioner files a supplement to that pleading.

March 2, 2018: The State Court denies habeas relief on the ineffective-assistance-of counsel claim, but enters a Second Amended Judgment to reflect a five-year term of probation, rather than a term of five to twenty years.

May 9, 2018: The NMSC denies certiorari review.

**- 161 days pass without statutory tolling activity –**

Oct. 18, 2018: Petitioner files the instant § 2254 proceeding (Doc. 1).

*See* Doc. 18 at 3; Doc. 50 at 19; Doc. 53 at 13. It appears that Petitioner's deadline to file his federal habeas petition was February 27, 2017. He filed his petition on October 18, 2018, approximately 18 months after the deadline. Petitioner has not objected to any specific dates/periods in the PFRD's proposed timeline, but generally argues that all time should be equitably tolled. Because the limitation period is not jurisdictional, it may also be extended through equitable tolling. *See Clay v. United States*, 537 U.S. 522, 524 (2003). Therefore, it is undisputed that the habeas petition is untimely, unless some form of equitable tolling applies.

The Court notes that any state post-conviction proceedings filed between February 27, 2017 and October 18, 2018 did not restart the clock or otherwise impact the one-year period. *See*

*Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("[The § 2254] petitions cannot be tolled for time spent in state postconviction proceedings because the applications for post-conviction relief were not filed until after … end of the limitations period").

Similarly, the entry of a Second Amended Judgment on March 2, 2018, which shortened the probation period, did not trigger a new limitation period as to Petitioner's substantive habeas claims. *See Prendergast v. Clements,* 699 F.3d 1182, 1184 (10th Cir. 2012) ("[A]ttacks on the original conviction are no[t] somehow resurrected" by a later modification to the sentence); *Burks v. Raemisch*, 680 Fed. App'x 686, 686-87, 689-92 (10th Cir. 2017) (amended judgment does not "restart[]" the one-year period for "matters originally decided and put to rest through direct appeal, state post-conviction remedies and the running of the time allotted for federal habeas review"); *Carillo v. Zupan*, 626 Fed. App'x 780, 781-82 (10th Cir. 2015) (amended judgment that reduced the amount of restitution did not trigger a new one-year period). Petitioner has not argued otherwise, but the Court notes this authority to clarify the uncontested timeline.

**B.  Petitioner does not demonstrate that equitable tolling should apply here.**

Petitioner requests that the one-year statute of limitations be equitably tolled. He does not specify particular time periods which should be tolled, but appears to assert that all time be tolled.

Petitioner asserted that equitable tolling was appropriate because he directed his counsel to preserve his right to proceed in federal court, and his counsel did not file a federal habeas petition on his behalf. Doc. 44 at 5. Judge Fashing recommended that equitable tolling was not appropriate, as Petitioner presented no evidence that he told Mr. Davidson to file a federal habeas petition, or evidence that a federal habeas petition was within the scope of Mr. Davidson's

representation. Doc. 53 at 16. Judge Fashing also found that Mr. Davidson performed the tasks to which he was engaged. Moreover, Judge Fashing recommended finding that Petitioner did not show he diligently pursued his rights.

Petitioner filed a limited objection, asserting that extraordinary circumstances existed because he asked habeas counsel to preserve his right to file a federal habeas petition, and habeas counsel did not do so. Doc. 55. Petitioner did not object to any other proposed findings, such as the proposed finding that Petitioner did not show he pursued his rights diligently.

Having conducted a *de novo* review of the record relevant to the objection, the Court overrules Petitioner's objection and adopts the PFRD. For the reasons stated below, the Court finds that equitable tolling is not appropriate, as Petitioner has not shown that (1) extraordinary circumstances prevented him from filing the federal habeas petition timely and that (2) he has diligently pursued his rights.

"Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing this right diligently, and (2) that some extraordinary circumstances stood in his way." *Yang*, 525 F.3d at 928. It is the inmate's burden to show "specific facts that support his or her claim of extraordinary circumstances and due diligence." *Id.*

Habeas counsel's negligence, mistake, or ineffective assistance is not generally a basis for equitable tolling, as there is no constitutional right to an attorney in state post-conviction proceedings. *Fleming v. Evans*, 481 F.3d 1249, 1255–56 (10th Cir. 2007). "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures." *Id.*

8

Moreover, a misunderstanding between a client and attorney does not constitute extraordinary and compelling circumstances. *Kraus v. Heimgartner*, 681 F. App'x 679, 682–83 (10th Cir. 2017).

However, "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007). In *Fleming*, the Tenth Circuit noted petitioner contacted habeas counsel several times over the course of a year, and counsel repeatedly assured petitioner that a filing was coming. *Id. Fleming* concluded that "counsel's misrepresentations may amount to an 'extraordinary circumstance.'" *Fleming*, 481 F.3d at 1257.

Petitioner objected to the PFRD on the sole ground that "ineffective assistance of counsel caused the missed deadline", because prior counsel did not file a federal habeas petition on his behalf. Doc. 55 at 2. Here, the Court looks to Petitioner's Declaration Under Oath (Doc. 45-1, Ex. A) for the relevant facts. Petitioner's Declaration falls short of establishing extraordinary circumstances. Petitioner's Declaration states that "the Attorney would be in charge of the New Mexico Court of Appeals, New Mexico Supreme Court, post-conviction in the state of New Mexico. Finalizing the state process." Doc. 45-1, Ex. A at 1. Petitioner also stated he affirmed with Mr. Davidson "more than once from the beginning and continuously the ability to proceed to the Federal Courts. Not to lose the opportunity." *Id.* This is the extent of the factual assertions related to his prior habeas counsel's alleged misconduct.

Petitioner at most asserts a misunderstanding, which is not sufficient in light of the long delay in filing his habeas petition. *Kraus v. Heimgartner*, 681 F. App'x 679, 682–83 (10th Cir. 2017). This misunderstanding is insufficient in light of the lack of diligence, explained below. *Id.* Petitioner does not state that he asked Mr. Davidson to file a federal habeas petition or that Mr.

9

Davidson misrepresented to him that he would file one. *See* Doc. 45-1, Ex. A. Moreover, Petitioner does not describe in detail his interactions with Mr. Davidson which led him to believe that a federal habeas petition would be filed on his behalf. He merely summarily asserts that he affirmed "more than once from the beginning and continuously my opportunity to proceed to the Federal Courts." Doc. 45-1, Ex. A at 1. This statement by Petitioner does not set out what Mr. Davidson told him. Therefore, Petitioner has not established sufficiently egregious misconduct by prior habeas counsel warranting equitable tolling.

To the extent Petitioner states in his Objection that he did in fact tell Mr. Davidson to file a federal habeas petition, that fact was not presented to the magistrate judge in his Declaration and was not presented in any evidentiary form. *See Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir.1996), *cited in Pevehouse v. Scibana*, 229 F. App'x 795, 796 (10th Cir. 2007) (argument waived by failing to raise it before magistrate judge). As explained above, the inquiry focuses on whether the attorney repeatedly mislead the petitioner, not on the Petitioner's subjective wishes regarding the scope of representation.

Petitioner compares his case to *Fleming v. Evans*, 481 F.3d 1249, 1255–56 (10th Cir. 2007). *Fleming* is distinguishable. In that case, the Tenth Circuit found that habeas counsel had given repeated misrepresentations to petitioner that he was preparing a federal habeas petition, but he did not prepare one. *Id.* Those facts are not present here. There are no facts in the Declaration suggesting that Petitioner told Mr. Davidson to file a federal habeas petition, or that Mr. Davidson told Petitioner he would file a federal habeas petition. These circumstances are more similar to the *Vue v. Dowling*, in which the petitioner merely stated without detail that his attorney led him to believe he would file an appeal. *Vue v. Dowling*, 716 F. App'x 749, 752 (10th Cir. 2017). The Tenth Circuit found this insufficient to establish extraordinary circumstances. *Id.*

Moreover, Petitioner did not object to Judge Fashing's proposed finding that he failed to diligently pursue his rights. *See* Doc. 53 at 19 (proposed finding that Petitioner did not establish diligence); Objection, Doc. 55 (no reference to diligence). In her PFRD, Judge Fashing found that Petitioner did not establish with specificity the steps he took to diligently pursue his federal claims. The failure to address diligence in his Objection constitutes a waiver of *de novo* review to Judge Fashing's proposed findings and recommended disposition. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060–61 (10th Cir. 1996) ("a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review"); 28 U.S.C. § 636 ("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Therefore, Petitioner has not established that he diligently pursued his rights and therefore has not established extraordinary circumstances for tolling.

Alternatively, even assuming the Court were required to address diligence despite the waiver,[1] the Court would find that Petitioner has not established that he diligently pursued his rights. Petitioner must allege with specificity the steps he took to diligently pursue his federal claims. *Yang*, 525 F.3d at 930. Petitioner's Declaration does not establish any specific facts demonstrating that he acted diligently. *See* Declaration under Oath, Doc. 45-1, Ex. A. Moreover,

---

[1] Where the Court has found a waiver of *de novo* review because of the absence of a sufficient objection, the Court only conducts a *de novo* review as an *alternative* ground for denying the habeas petition. The firm waiver rule to de novo review still applies, even when Court decides to conduct a *de novo* review purely on an alternative basis. *See United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060–61 (10th Cir. 1996).

11

in his Objection Petitioner does not appear to argue he pursued his rights with diligence or allege any facts demonstrating that he acted diligently. As established in the undisputed timeline above, the AEDPA clock began running May 1, 2013 when his criminal judgment was final. Three hundred and sixty-one (361) days passed before the first statutory tolling activity, when Petitioner filed a counseled state habeas petition on April 28, 2014. The New Mexico Supreme Court denied certiorari review on February 10, 2017, after which time the clock began running again. Ultimately, approximately 18 months passed when the New Mexico Supreme Court denied certiorari review and petitioner filed his federal habeas petition. Petitioner has not asserted sufficient facts demonstrating that he acted diligently between May 1, 2013 and the filing of his federal habeas petition on October 18, 2018. In his original petition, Petitioner stated that he retained Daniel Salazar in April 2018 for the purpose of filing a federal habeas petition. Doc. 1 at 6-10. This was more than a year after the deadline to file a federal habeas petition expired and gives no insight into what steps, if any, Petitioner took during the various periods while the one-year period was running. The Court concludes Petitioner waived his objection regarding his diligence but even upon *de novo* review failed to show due diligence to establish equitable tolling. For each alternative reason above, Petitioner's § 2254 claims are therefore time-barred.

II. **Alternatively, the Court adopts the PFRD's recommendation to deny the habeas petition on the merits.**

   A. **Petitioner did not object to the PFRD's analysis of merits of habeas petition, and therefore any objection is waived.**

The Court directed Respondents to file an answer to the habeas petition and (1) address equitable tolling and (2) brief the merits of the habeas petition. Doc. 46 at 3-4 ("the answer must address the merits of the claims but may also seek dismissal, in the alternative, based on procedural

barriers such as timeliness or exhaustion."). The Respondents did as the Court instructed, addressing not only timeliness but also the three merits grounds in the habeas petition. *See* Doc. 50. Judge Fashing issued a thorough and well-reasoned PFRD, electing to provide an alternative ruling on the merits even after determining Petitioner's claims are untimely. *See* Doc. 53 at 20-27. Judge Fashing addressed each of the three merits grounds and explained why each merits ground should be denied. Nevertheless, Petitioner did not object to Judge Fashing's PFRD on the merits. *See* Doc. 55.

Because Petitioner did not object to the PFRD's recommendation to deny the habeas petition on the merits, the Court adopts the PFRD's recommendation and denies the habeas petition on the merits. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996) (A "party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for de novo review by the district court...."). Petitioner's habeas petition is therefore denied on the merits, in addition to being time-barred.

**B.     Alternatively, to the extent any objection is not waived, the Court would adopt the PFRD's analysis on the merits of the habeas petition on *de novo* review.**

Alternatively, to the extent *de novo* review of Judge Fashing's recommendation to the habeas petition on the merits is not waived, the Court has reviewed the record *de novo* and has nothing further to add to Judge Fashing's recommendation to deny the habeas petition on the merits. The Court adopts her recommendation as to the merits set forth in her PFRD, Doc. 53 at 20-27.

**III.     The Court denies certificate of appealability.**

In a habeas proceeding, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. To be entitled to a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, the Court's conclusions are not reasonably debatable. The Court therefore will deny a certificate of appealability.

**IV.**     **PFRD is adopted aside from any reliance on Rule 60.**

The PFRD cites to the Rule 60 standard, even though it also applies the correct standards for evaluating timeliness and the merits under § 2254. The Court concludes that Rule 60 is not applicable at this stage in the proceeding but otherwise concludes that this citation does not affect the analysis of either the time-bar or the merits in the PFRD.

In previously granting Petitioner's Rule 60 motion, the Court discerned that Petitioner sought to reopen the case - which was initially dismissed on screening - so that he could further prosecute his arguments regarding tolling and the constitutionality of his conviction. Doc. 46. The Order on Rule 60 relief concluded that the petition survived preliminary review under § 2254 Habeas Rule 4, reopened the case, and directed the Respondents to file an answer to the habeas petition addressing both (1) timeliness and (2) the merits. Doc. 46. The Respondents' answer did not reference Rule 60, but addressed the merits of the habeas petition and whether Petitioner was entitled to equitable tolling. Upon reviewing the record *de novo*, the Court does not believe that the citation to Rule 60 affects the merits of the analysis in the PFRD. The PFRD cites the correct

14

legal standards/facts and recommends denying the petition for various reasons without reference to Rule 60. The conclusion also does not reference any Rule 60 standard. Doc. 53 at 27-28. Accordingly, the Court declines to adopt any recommendation with respect to Rule 60 relief, which is moot in light of the order reopening and the PFRD's thorough analysis on the other issues. All other recommendations are adopted, for the reasons above.

## CONCLUSION

According to Habeas Rule 8(b) and 28 U.S.C. § 636(b), the Court has conducted a de novo review of the record, and all parts of the Magistrate Judge's PFRD, to which the Petitioner has properly objected. After conducting this de novo review and having thoroughly considered the PFRD, objection, and response, the Court finds no reason in law or fact to depart from the Magistrate Judge's recommended disposition. As explained above, Petitioner's habeas petition is untimely and he has not established that equitable tolling applies as (1) he has not shown that extraordinary circumstances exist, and (2) he has not shown that he pursued his rights diligently. Alternatively, Petitioner has not objected to (1) the PFRD's recommendation to deny the habeas petition on the merits or (2) the PFRD's recommendation that he did not pursue his rights diligently, a requirement of equitable tolling. Therefore, Petitioner waived *de novo* review of those recommendations. The Court therefore adopts in part[2] the PFRD as described above.

**IT IS THEREFORE ORDERED** that:

- Petitioner's Objection (Doc. 55) to the PFRD (Doc. 53) is OVERRULED;
- The PFRD (Doc. 53) is ADOPTED in part;
- Petitioner's habeas petition is DENIED and this case is DISMISSED; and
- A certificate of appealability is denied.

---

[2] The PFRD is adopted aside from the citation or analysis of Rule 60, as explained above.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE